UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROSE GARY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner )<br>of Social Security, )<br>)<br>Defendant. ) | 3:04-CV-434<br>(PHILLIPS/GUYTON) |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for summary judgment [Doc. 11] and the defendant's motion for summary judgment. [Doc. 13]. Plaintiff Rose Gary seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

1. The claimant meets the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability (20 C.F.R. § 404.1520(b)).

3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her subjective limitations are not totally supported by the overall record for the reasons set forth in the body of the decision.

6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 C.F.R. § 404.1527).

7. The claimant has the residual functional capacity described above in the decision (20 C.F.R. § 404.1567).

8. The claimant is able to perform her past relevant work as a payroll clerk and receptionist (20 C.F.R. § 404.1565).

9. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. § 404.1520(e)).

(Tr. 21-22).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004); Siterlet v. Secretary of Health and

Human Services, 823 F.2d 918, 920 (6th Cir.1987); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir.1986). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (held that in a close case, unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

Plaintiff, who was 48 years old at the time of the ALJ's decision, has a high school education and an associate's degree in office technology, and past work experience as a clerical worker, child care worker, payroll clerk, and receptionist. (Tr. 55, 72, 79-83, 228). She alleges disability from May 18, 2001, due to degenerative joint disease, arthritis, tremors, a pinched nerve in her neck and shoulders, and carpal tunnel syndrome. (Tr. 37, 55-57, 66). However, at Step 4 of the evaluation process, the ALJ found that plaintiff was not disabled because she retained the residual functional capacity ("RFC") to perform her past relevant work as a payroll clerk and receptionist. (Tr. 16-22, 221-63)

Plaintiff argues that the ALJ erred in his analysis of her obesity, in not considering her impairments in combination, in finding that her prior receptionist job constitutes past relevant work and that her hand tremors did not preclude her ability to work as a payroll clerk, and in finding that she was not credible.

Plaintiff contends that her obesity in conjunction with her other impairments supports a finding of disability, arguing that the medical record indicates that her obesity affects her mobility, respiration, heart function, and ambulation.[1] (Tr. 187). However, the Commissioner maintains that the ALJ considered plaintiff's obesity, noted that it adversely affected her functioning and that she had limitations "primarily as a result of her obesity," and found that it was a severe medically determinable impairment. (Tr. 20). Therefore, the Commissioner insists that the ALJ clearly considered plaintiff's obesity.

Next, plaintiff argues that the ALJ failed to properly consider her impairments in combination and that he ignored evidence that supported her position. Specifically, she points to Dr. von Hessler's statement that she could have difficulty adhering to a work schedule and production norms, mainly due to spinal pain, obesity and familial tremors. (Tr. 187).

However, the Commissioner cites several examples in which the ALJ clearly considered plaintiff's impairments in combination: he noted that "all medically determinable impairments have been considered in the sequential analysis"; that plaintiff "has no impairment, either singly or in combination" that met or equaled a listed impairment; that he came to his conclusions "after careful consideration of the entire record"; and that the ALJ's findings refer several times to plaintiff's impairments in the plural. (Tr. 17, 21). The Commissioner insists that it is difficult to determine which impairments the plaintiff contends that the ALJ failed to consider, noting that the ALJ discussed plaintiff's osteoarthritis and degenerative disc disease; reduced range

---

[1] Plaintiff in her memorandum had argued that she met the requirements for a listing impairment because of the combined effects of her obesity and her other impairments. [Doc. 12]. However, because she concedes in her reply brief that she does not meet the requirements for a listing impairment [Doc. 15], this issue will not be addressed.

4

of back and neck motion; mobility, respirations, heart function, ambulation; obesity; tremors; pinched neck nerve, difficulty arising from a chair; poor sleep; and knee pain. (Tr. 18-20).

With regard to plaintiff's argument that the ALJ failed to consider parts of Dr. von Hessler's report that supported her claim, the Commissioner maintains that the ALJ afforded Dr. von Hessler's opinion "significant weight," but contends that his statement that plaintiff "could" have difficulty adhering to a work schedule and production norms was not supported by the record evidence. (Tr. 20). Furthermore, the Commissioner insists that the ALJ did not note the basis for Dr. von Hessler's statement because the medical findings in the record did not support the difficulty stated by Dr. von Hessler, and, thus, the ALJ reasonably discounted that part of Dr. von Hessler's opinion. (Tr. 21).

Third, plaintiff contends that the conclusions drawn from the vocational expert's ("VE's") testimony are not supported by substantial evidence. Specifically, she maintains that the hypothetical was not complete in that it did not limit her hand use to occasional and did not include the problems she could have in adhering to the work schedule and production norms; that the ALJ erred in finding that the VE's testimony was consistent with the Dictionary of Occupational Titles ("DOT") classifications; and that the VE was inconsistent in his answers to the ALJ's hypothetical questions. (Tr. 21).

The Commissioner argues, however, that the plaintiff's issues regarding an incomplete hypothetical question and inconsistent answers by the VE to the ALJ's hypothetical questions are not applicable in this case because this is a Step 4 case, and, thus, the ALJ was not required to rely on the answers to the proposed hypothetical questions. With respect to whether the

5

VE's classifications of plaintiff's past work as a payroll clerk and receptionist were consistent with the DOT, the Commissioner insists that the VE classified both the payroll clerk job and the receptionist job as semi-skilled, sedentary work and stated that the classifications of past work were consistent with the DOT. (Tr. 19, 256-57). Although plaintiff maintains that she cannot perform either job, she argues that the VE's testimony is inconsistent with the DOT because the DOT classifies the receptionist job at light and not sedentary as the VE stated.

The Commissioner points out that in the fact section of plaintiff's brief, plaintiff contends that DOT Jobs 352.367-010 and 352.667-010 are both listed as light in the DOT. The Commissioner explains that Job 352.367-010 is an airline-cabin attendant job, which is classified as medium work, and Job 352.667-010 is a host/hostess job greeting guests at a country club or catered social function, which is classified as light work. However, Job 237.367-038 is titled receptionist, which is classified as sedentary work, and describes the worker as one who receives callers at an establishment, determines the nature of their business, and directs callers to the proper place. The Commissioner maintains that the plaintiff's past work was office work, not work as a hostess or airline attendant, and because the VE listed the job as receptionist and the DOT job titled receptionist is performed at the sedentary level, she contends that there is no conflict with the DOT. Therefore, the Commissioner insists that plaintiff's argument that the receptionist job identified by the VE was in conflict with the DOT is erroneous. (Tr. 247).

Next, plaintiff insists that the record does not support the ALJ's finding that she could perform her past relevant work as a receptionist and as a payroll clerk. Plaintiff argues that the ALJ erred in finding her receptionist job as past relevant work because she held the job for only two

6

months, and thus, it does not constitute past relevant work. However, the Commissioner points out that past relevant work is defined as work that was performed within the last fifteen years, performed long enough to learn how to do it, and was substantial gainful activity, citing 20 C.F.R. § 404.1565(a). Plaintiff described her work duties as answering the telephone; taking telephone orders; data entry; billing process; and photocopying. (Tr. 83). The Commissioner maintains that although plaintiff did not work at this job for very long, there is no evidence in the record suggesting that she failed to learn her job as a receptionist or did not competently perform her job duties, citing Moad v. Massanari, 260 F.3d 887, 891 (8th Cir. 2001).

Plaintiff does not challenge the VE's testimony that the payroll clerk job is sedentary but argues that the ALJ erred in finding that she could perform that job when speed and accuracy are requirements of the job. She contends that because of her poor handwriting ability due to hand tremors, she is unable to perform that job. The Commissioner, however, maintains that although the ALJ recognized plaintiff's tremors as an impairment, he did not find them to be so pervasive that she was precluded from performing a clerical job because the record did not document any significant difficulty with handling, manipulation, or grasping. For example, Dr. Whitehouse found that plaintiff was able to manipulate small objects and effectively grasp tools (Tr. 143); Dr. Schecter determined that plaintiff's fine motor movements were intact (Tr. 161); and Dr. von Hessler concluded that plaintiff could reach, handle, finger, and feel; that she had appropriate fine and gross manipulation; and that she retained the dexterity to button her clothes and to tie her shoe laces. (Tr. 186-87). Thus, the ALJ determined that although plaintiff had some difficulty with her hands, she was not precluded from performing her past relevant work. (Tr. 20).

7

Case 3:04-cv-00434   Document 16   Filed 05/18/05   Page 7 of 11   PageID #: 25

Lastly, plaintiff challenges the ALJ's credibility finding. The Commissioner points out that the ALJ noted inconsistencies in the record regarding plaintiff's allegations. She notes that most of the medical records were provided by agency consultants and that plaintiff received only "sporadic treatment." (Tr. 18). For example, plaintiff complained about left shoulder pain in 2000 (Tr. 120, 137), but did not seek further treatment until November 2001. (Tr. 159). She notes that plaintiff received medical care from November 2001 through February 2002 (Tr. 157-59), but then did not return to a physician until May 2003. (Tr. 160-61). The ALJ also noted that knee and neck x-rays were essentially normal and that her physical examinations did not show significant limitation of motion, arthritic changes, or diminished muscle strength. (Tr. 19, 120, 139, 144, 160- 61, 185-87). Furthermore, despite her tremors, physicians noted no difficulty with fine manipulation or grasping (Tr. 19, 143, 161, 186, 187), and Dr. Whitehouse observed that plaintiff's tremor "disappeared" when she was distracted. (Tr. 19, 139). Thus, the Commissioner maintains that if plaintiff is so disabled that she cannot perform sedentary work or control her tremors to dress herself or write, then it would have been logical for her to seek medical care.

Additionally, the Commissioner notes that the ALJ found that the plaintiff did not take medications consistently and was not prescribed potent pain medications for her alleged symptoms, and although plaintiff has reduced her daily activities, the ALJ found that her ability to prepare meals, work on a computer for at least some period of time, vacuum, shop, fold clothes, read, drive a short distance and attend church on a regular basis, was inconsistent with her allegations of total disability. (Tr. 19).

As the Commissioner notes, the record reveals "sporadic treatment" for the plaintiff and contains primarily notes from consultative examiners. (Tr. 119-90). Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1233 (6th Cir. 1993) (Plaintiff bears the burden of producing evidence to prove a disability.). I agree with the ALJ that "[t]he claimant has sought minimal treatment which is inconsistent with symptoms of disabling intensity." (Tr. 19). With respect to plaintiff's obesity, the ALJ noted its effect on her other impairments and found that it was a "severe" impairment. (Tr. 18-20). Thus, plaintiff's argument on this issue is without merit.

Next, plaintiff's argument that the ALJ failed to consider her impairments in combination is unpersuasive. In addition to the examples cited by the Commissioner, the ALJ stated in Finding Number 3 that "[t]he claimant has an impairment or a combination of impairments considered 'severe' based on the requirements in the Regulations 20 C.F.R. § 404.1520(c)." (Tr. 21) See Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 591-92 (6th Cir. 1987) (ALJ considered claimant's impairments in combination where he referred to "a combination of impairments" in finding claimant had no listing-level impairment and ALJ referred to the claimant's "impairments" in the plural.).

This is a Step 4 case, and as such, the burden is on the plaintiff through Step 4 of the evaluation process. 20 C.F.R. § 404.704; Boyes v. Secretary of Health and Human Services, 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)). At Step 4, the ALJ compares the plaintiff's RFC to the requirements of her past work and determines whether the past work required her to perform activities in excess of her RFC. 20 C.F.R. § 404.1520(e). If

9

the plaintiff's past work does not require her to perform activities in excess of her RFC, she is not disabled. 20 C.F.R. § 404.1560(b).

I agree with the Commissioner that the errors plaintiff complains of regarding an incomplete hypothetical question and inconsistencies in the VE's testimony are not applicable in a Step 4 case because the burden is on the plaintiff to prove she is disabled. Similarly, I find that plaintiff's argument that the receptionist job was inconsistent with the DOT to be without merit, as the Commissioner demonstrated that the receptionist job as described by the VE was **not** inconsistent with the DOT (Tr. 256-57), and there is no evidence that plaintiff could not perform that job. (Tr. 83). With regard to plaintiff's hand tremors and her inability to perform the payroll clerk job, I agree with the Commissioner that the opinions of Drs. Whitehouse, Schecter, and von Hessler do not support any significant difficulty with handling, manipulation, or grasping. (Tr. 20, 143, 161, 186).

The substantiality of the evidence must be based on the record as a whole, Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990), and that it is within the province of the ALJ to resolve conflicts in the evidence and decide questions of credibility. See Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993); Villarreal v. Secretary of Health and Human Services, 818 F.2d 461, 464 (6th Cir. 1987).

I find that in making his credibility determination the ALJ reasonably considered plaintiff's treatment history, 20 C.F.R. § 404.1529(c)(3)(v), and her daily activities. (Tr. 18-20) See Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Bradley v. Secretary of Health and Human Services, 862 F.2d 1224, 1227 (6th Cir. 1988) (Claimant was not inconvenienced by alleged

disabling pain if able to perform a variety of activities.). Thus, based upon the foregoing, I find that the ALJ reasonably relied on the objective medical evidence, as well as plaintiff's daily activities and medications, to conclude that plaintiff did not have disabling impairments and that she could perform her past relevant work as a payroll clerk and receptionist. (Tr. 19, 22). See 20 C.F.R. § 404.1546; Maziarz v. Secretary of Health and Human Services, 837 F.2d 240, 247 (6th Cir. 1987) (ALJ's function is to determine what medical restrictions a plaintiff is under and how such restrictions affect her RFC.).

Therefore, it is hereby **RECOMMENDED** that the plaintiff's motion for summary judgment [Doc. 11] be **DENIED** and that the defendant's motion for summary judgment [Doc. 13] be **GRANTED**.[2]

                                              Respectfully submitted,

                                              s/ H. Bruce Guyton
                                          United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).